UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> -vs- <br> RUDY LEE WAHCHUMWAH, <br> Defendant. | NO.     CR-08-2016-WFN-1 <br><br> ORDER |

A pretrial conference and motion hearing was held June 18, 2008, 2008. The Defendant was present and represented by Kraig Gardener; Assistant United States Attorney James Hagarty represented the Government. The Court heard argument regarding Defendant's Motion to Dismiss (Ct. Rec. 23) and indicated its inclination to deny the Motion, but reserved pending further review of a recent order issued in the District of Montana.

The Court has reviewed the file and Motions and is fully informed. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss, filed April 14, 2008, **Ct. Rec. 23**, is **DENIED** for the reasons stated at the hearing. In addition, the Court adopts the reasoning applied in *United States v. George,* CR-07-2119-WFN-1. The Court concludes that its previous analysis of the constitutionality of federal jurisdiction in 42 U.S.C. §2250 was correct. Further, the Court respectfully disagrees with the analysis of the constitutionality of 42 U.S.C. §16913 in *United States v. Bernard Lenwood Waybright,* District of Montana, CR-08-16-DWM. Congress created the means for creating a national sex offender registry to protect the public from sex offenders moving from jurisdiction to jurisdiction. Such a

ORDER - 1

concern implicates "activities that substantially affect interstate commerce." *United States v. Lopez*, 514 U.S. 549, 548 (1995).

Even if not justified by the Commerce Clause, the necessary and proper clause provides an adequate basis for supporting Congress's power to enact 42 U.S.C. § 16913. The Court notes that the Act should be considered as a whole. The Defendant faces criminal charges stemming from 42 U.S.C. §2250. This Court has joined the majority of courts across the country in finding that 42 U.S.C. §2250 represents a valid exercise of Congressional power and that the jurisdictional hooks provided in the statute are adequate for justifying Congress's lawmaking in this case. The Court finds the reasoning in *United States v. Thomas,* 538 F. Supp. 2d 912, 921-22 (N.D. Iowa 2008) persuasive. The Court agrees that "§ 16913 is an appropriate and reasonably adapted means by Congress to attain the legitimate end of § 2250, i.e., monitoring sex offenders who cross state lines." *Id.*

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 26th day of June, 2008.

                                                    s/ Wm. Fremming Nielsen
                                                    WM. FREMMING NIELSEN
06-26                                       SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2